UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JIMMIE D. ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-385 |
| | ) | (VARLAN/GUYTON) |
| MIKE VONCANNON, | ) | |
| MATTHEW CUBBERLY, | ) | |
| JEFF MCCARTER, RON SEALS, | ) | |
| DON R. MYERS, SAM HINSON, | ) | |
| BRAD WILES, GERALD L. BAKER, | ) | |
| FIRST TENNESSEE BANK, NA, | ) | |
| GORDON FOSTER, and JEFF RADER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on five separate motions to dismiss filed by the defendants in this litigation. The motions to dismiss are as follows: Defendant Jeff Rader's Motion to Dismiss [Doc. 5]; the Motion to Dismiss Defendants Don R. Myers and Sam Hinson [Doc. 10]; the Motion to Dismiss of Defendants Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, and Brad Wildes [Doc. 13]; the Motion to Dismiss, filed by defendant First Tennessee Bank ("defendant FTB") and defendant Gordon Foster [Doc. 18]; and defendant Gerald L. Baker's ("defendant Baker's") Motion to Dismiss Pursuant to Rule 12 (B)(4) and (5) Fed. R. Civ. P. [Doc. 26]. The plaintiff, Jimmie D. Ross, proceeding *pro se*, has filed a response in opposition to each motion to dismiss [Docs. 28, 29, 30, 31, 32]. Four reply briefs have been filed by the defendants in four of the motions to dismiss [Docs.

33, 34, 35, 39]. Defendant Baker did not file a reply brief to his motion to dismiss. Plaintiff, without leave of Court, has filed a sur-reply to each motion to dismiss [Docs. 36, 37, 38, 40], with the exception of the motion to dismiss filed by defendant Baker.[1] The Court has carefully reviewed the motions to dismiss, the plaintiff's responses in opposition, and the reply briefs filed by the defendants, all in light of the relevant law. For the reasons set forth herein, the motions to dismiss will be granted and this case will be closed.

## I. Facts

Plaintiff filed this action *pro se* on August 31, 2009, asserting claims under 42 U.S.C. §§ 1981, 1985(3), 28 U.S.C. §§ 1331, 1332, state law claims under 28 U.S.C. § 1367, and claims for violations of the First, Fourth, Fifth, and Fourteenth Amendments to the U. S. Constitution [*see* Doc. 1]. In the complaint, plaintiff named eleven defendants and identified the county of residence and the address of each of the defendants, save for defendant FTB [*Id.*, ¶¶ 2-12]. Plaintiff then alleged the facts underlying his claims.

Plaintiff alleges that he was behind on his mortgage payments for his residence in Sevierville, Tennessee and that the bank instructed "certain individuals" to foreclose on the home [Doc. 1, ¶ 13]. Plaintiff alleges that he proved that "defendants" had no jurisdiction

---

[1] The sur-reply briefs were filed by plaintiff without leave of Court. *See* E.D. TN. L.R. 7.1(d) (after an opening brief, a responsive brief, and a reply brief have been filed, "[n]o additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief . . . to call to the Court's attention developments occurring after a party's final brief is filed"). The Court has reviewed plaintiff's sur-reply briefs and has determined that these briefs do not contain evidence or argument concerning new developments germane to plaintiff's claims or points of authority not already taken into consideration by the Court. Accordingly, this Memorandum Opinion does not address plaintiff's sur-reply briefs [Docs. 36, 37, 38, 40].

or standing to foreclose on this property and that defendant Gordon D. Foster failed or refused to produce the actual note which defendant FTB alleged plaintiff owed [*Id.*]. Plaintiff then alleges that this property was unlawfully foreclosed on with a voided judgment because defendant FTB was not registered to do business in Tennessee [*Id.*]. Plaintiff further alleges that "[d]efendants'" violated plaintiff's due process rights, acted on a void judgment, and, in doing so, "deprived . . . plaintiff of federal rights and acted under color of state law and federal . . . [and] acted in bad faith and have employed . . . means . . . of harassing the Plaintiff." [*Id.*]. Finally, plaintiff asserts that the defendants who are not state officers used state law, court proceedings, and judgments, "along with assistance from state and local government officials to make their action a joint participation in state action under color of law." [*Id.*]

Plaintiff then alleges eighteen (18) counts against the "defendants" generally, without identifying to which of the defendant or defendants the counts apply [Doc. 1, ¶¶ 14-31]. Plaintiff concludes his complaint with a request for damages of $800,000.00 against each of the defendants and a request for punitive damages of $1,800,000.00, also against each of the defendants [*Id.* ¶ 33]. Each of the defendants in this case has filed a motion to dismiss.

**II.     Analysis**

Although the language and arguments in the motions to dismiss varies slightly, four of the motions to dismiss assert the same argument, that plaintiff's claims against each of the defendants should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docs. 5, 10,

13, 18]. Plaintiff filed substantially similar responses in opposition to these four motions to dismiss, and the respective defendants each filed substantively similar reply briefs. The fifth motion to dismiss, filed by defendant Baker [Doc. 26], requests dismissal of plaintiff's claims against him for insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure. In a footnote, defendant Baker also manifests his intent to join in defendants FTB and Gordon Foster's motion to dismiss for failure to state a claim [*Id.*, p. 1 n.1]. Because of the similarity of the defendants' arguments pursuant to Rule 8(a) and Rule 12(b)(6), the Court will first consider those arguments together, followed by an analysis of the other arguments applicable to each motion and/or each of the particular defendants.

### A. Standard of Review – Rule 8(a) and Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, — U.S.—,—, 129 S. Ct. 1937, 1949 (2009).

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

As noted, plaintiff has elected to proceed *pro se* in this matter. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, the "lenient

treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

### B. Failure to State a Claim Arguments[2]

Even viewed in a light most favorable to plaintiff as a *pro se* litigant, the Court cannot conclude that plaintiff has stated claims against the defendants in this matter for violations of the statutes and amendments upon which he claims relief. Plaintiff has only alleged a formulaic recitation of the elements of various statutory violations and has not identified sufficient factual allegations or the nature of any due process violation or civil rights

---

[2] Four of the motions to dismiss request dismissal based on plaintiff's failure to state a claim pursuant to Rule 8(a) and Rule 12(b)(6) [Docs. 5, 10, 13, 18]. Defendant Baker manifested his intent to join in and adopt the Rule 8(a) and Rule 12(b)(6) arguments in defendants FTB and Gordon Foster's motion to dismiss [Doc. 26, n.1; Doc. 18]. Thus, this section pertains to all the defendants in this litigation.

violation.  Paragraph 13, the paragraph of the complaint containing the facts upon which plaintiff has based his lawsuit, alleges only a bare sketch of the factual basis for plaintiff's claims, interspersed with legal conclusions.  *Papason v. Allain*, 478 U.S. 265, 286 (1986) (stating that courts are not bound to accept as true legal conclusions couched as factual allegations).

Moreover, plaintiff has brought suit against ten individuals and one entity, but plaintiff's factual allegations contain only two references to two of the defendants, defendants FTB and Gordon D. Foster [Doc. 1, ¶ 13].  As such, neither the defendants nor the Court has any indication of what acts or omissions the individual defendants took that form the basis of plaintiff's claims against them.  While plaintiff has claimed violations of various statutes and has pled some of the relevant statutory language establishing the elements of such claims, merely asserting that the defendants acted in violation of these statutes cannot support plausible inferences that the defendants did in fact commit acts or omissions that may form the basis for these claims.

Plaintiff's responses to the defendants' motions to dismiss do little to clarify the factual allegations upon which plaintiff bases his claims.  While plaintiff asserts that he has established the elements of a claim pursuant to 42 U.S.C. § 1983, plaintiff has once again only alleged legal conclusions that the defendants acted in conjunction with state actors acting under color of state law and used state laws and state courts to deprive plaintiff of

rights. Such allegations, without sufficient supporting factual allegations, cannot plausibly support any such claims.[3]

## C. Defendant Jeff Rader[4]

Defendant Jeff Rader is an attorney and judge in Sevier County General Sessions Court [Doc. 6]. In the complaint, plaintiff did not identify defendant Jeff Rader as a judge, nor did plaintiff mention him in any factual allegation, other than the allegation in which plaintiff identified defendant Jeff Rader's county of residency and his address [Doc. 1, ¶ 12]. Accordingly, plaintiff has not alleged any act or omission which would constitute a plausible claim for relief against defendant Jeff Rader.

Notwithstanding the lack of factual allegations linking defendant Jeff Rader to any act or omission upon which plaintiff's claims are based, it is well-settled, with limited exceptions, that judges are immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). Judicial immunity is available to judges presiding over courts of both general and limited jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). A plaintiff cannot even sidestep a judicial officer's immunity by alleging bad faith, malice, corruption, bribery, or conspiracy. *See Mireles*, 502 U.S. at 11-12; *see also Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Immunity is available even if a judge acts erroneously, corruptly, or in excess of his jurisdiction. *Mireles*, 502 U.S. at 11-12. Indeed,

---

[3] In his responses, plaintiff also relates arguments dealing with state court claims, subject matter jurisdiction, and the *Younger* abstention doctrine—none of which the Court finds relevant.

[4] *See* Doc. 5, Defendant Jeff Rader's Motion to Dismiss.

8

> [I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for action, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id.* (citations omitted). Moreover, "[t]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, we look to the particular act's relation to a general function normally performed by a judge . . . ." *Mireles*, 502 U.S. at 13 (citations and quotations omitted)).

In the present case, the conduct of which plaintiff complains, from what the Court can discern, involves a foreclosure on residential property, a proceeding that relates to "a general function normally performed by a judge." *Mireles*, 502 U.S. at 11-13. Accordingly, to the extent plaintiff has alleged a claim based on defendant Jeff Rader's conduct in the foreclosure proceeding, plaintiff is unable to meet the exceptions to judicial immunity identified in *Mireles*. The Court simply cannot conclude, from the relatively few facts alleged by plaintiff, that defendant Jeff Rader was acting "in the complete absence of all jurisdiction" by being involved in a foreclosure proceeding. *See id.* at 11-12.

To the extent plaintiff alleges that he was denied due process based on defendant Jeff Rader's actions in connection with the foreclosure proceeding, such claims are also barred pursuant to the *Rooker-Feldman* Doctrine. *Reguli v. Guffee*, No. 3:08-0774, 2009 WL 425020, at *7 (M.D. Tenn. Feb. 19, 2009). "The *Rooker-Feldman* Doctrine bars federal district courts from hearing 'cases brought by state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting

9

district court review and rejection of those judgments.'" *Id.* (quoting *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006)). The pertinent question in determining whether a court is precluded by the *Rooker-Feldman* Doctrine from exercising subject matter jurisdiction over a claim is whether the source of the injury upon which a plaintiff has based his or her federal claim is a state court judgment, regardless of whether the plaintiff is challenging the validity of the state court judgment on constitutional grounds. *Id.* In this case, the *Rooker-Feldman* Doctrine applies because plaintiff seems to be challenging the result of a state court foreclosure proceeding, one that occurred prior to the commencement of this litigation. Thus, for these reasons, plaintiff's claims against defendant Jeff Rader shall be dismissed.

    **D.**    **Defendants Don R. Myers, Sam Hinson, Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, and Brad Wildes[5]**

Plaintiff also failed to mention defendants Don R. Myers, Sam Hinson, Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, and Brad Wildes in any factual allegations in the complaint besides identifying them as defendants and identifying each defendant's county of residency and their addresses [Doc. 1, ¶¶ 2-12]. For instance, plaintiff did not identify defendants Don R. Myers and Sam Hinson as police officers of the City of Sevierville [*see* Doc. 11, p. 4] and did not identify defendants Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, and Brad Wildes as deputies or the sheriff of Sevier County [*see* Doc. 14, p. 4].

---

[5] *See* Doc. 10, Motion to Dismiss Defendants Don R. Myers and Sam Hinson; Doc. 13, Motion to Dismiss of Defendants Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, and Brad Wildes.

In plaintiff's response to the motions to dismiss of these defendants, plaintiff asserts that he properly stated a claim for relief under 42 U.S.C. § 1983 against these defendants. The Court disagrees. Title 42 U.S.C. § 1983 creates a remedy for those denied "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, § 1983 alone, does not create substantive rights. Rather,

> [Section] 1983 merely provides a mechanism for enforcing individual rights "secured" elsewhere, *i.e*., rights independently "secured by the Constitution and laws" of the United States. "[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything."

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)); *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006). Further, in order to state a claim under § 1983, a plaintiff would need to demonstrate: (1) a deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under color of state law; and (3) occurring without due process of law. 42 U.S.C. § 1983; *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). Finally, because § 1983 is not itself a source of substantive rights, but only a method for vindicating federal rights conferred elsewhere, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim. *Adair v. Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

Even viewed in a light most favorable to plaintiff as a *pro se* litigant, this Court cannot conclude that plaintiff has stated a § 1983 claim against any of these defendants based on a deprivation of due process or civil rights. Plaintiff has only alleged a formulaic recitation of

the elements of a civil rights action under § 1983 and has not identified the factual nature or substance of any due process or civil rights violation. Rather, plaintiff has only recited the elements of such violations and made vague allegations that defendants "deprived" him of federal rights, acted under color of state law, acted in bad faith, and have employed means of harassing him. Despite these assertions, plaintiff has not linked these allegations with facts sufficient to state a claim under § 1983. Moreover, while plaintiff has stated that the alleged deprivation occurred "under color of state law," plaintiff has provided no facts to support such a claim. As such, plaintiff's vague factual allegations, combined with plaintiff's assertions of a cause of action under § 1983 and various Constitutional amendments, fails to provide any sort of notice or indication to the defendants, or to the Court, as to the facts or the substance of plaintiff's alleged due process violations or alleged deprivations of civil rights. As such, the Court cannot conclude that plaintiff has stated a claim for which relief may be granted under § 1983. For these reasons, plaintiff's claims against defendants Don R. Myers, Sam Hinson, Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, and Brad Wildes shall be dismissed.

### E. The State Court Detainer Action and Defendants FTB and Gordon Foster[6]

Although not entirely clear from plaintiff's complaint, defendants FTB and Gordon Foster have identified for the Court a non-judicial foreclosure proceeding and detainer action filed in Sevier County General Sessions Court (the "Detainer Action Record"). Plaintiff did

---

[6] *See* Doc. 18, Motion to Dismiss of defendants FTB and Gordon Foster.

not file this Detainer Action Record with the complaint, but defendants FTB and Gordon Foster attached the Detainer Action Record to their motion to dismiss as relevant to the facts alleged in plaintiff's complaint [*see* Doc. 18-1].

While a court's consideration of matters outside the pleadings in resolving a Rule 12(b)(6) motion to dismiss generally converts the motion to dismiss into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there are exceptions to this rule. *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 56(c). Documents attached to a motion to dismiss are considered part of the pleadings if they: (1) are central to a plaintiff's claim; and (2) are referred to in the plaintiff's complaint. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Ross et al. v. Chase Bank*, *et al.*, No. 3:05-CV-075, Memorandum Opinion (U.S. Dist. Court, E.D. Tenn. Apr. 26, 2005).

Upon the Court's analysis of plaintiff's complaint and the Detainer Action Record submitted by defendants FTB and Gordon Foster, it is apparent to the Court that the foreclosure proceeding identified by plaintiff in the complaint was a part of the underlying detainer action represented by the Detainer Action Record. Because proceedings described in the Detainer Action Record are referred to in plaintiff's complaint and are central to plaintiff's claims, the Court will consider the documents in the Detainer Action Record in resolving defendants FTB and Gordon Foster's motion to dismiss.

The Detainer Action Record indicates that defendant FTB obtained a writ of possession through a judicial proceeding for plaintiff's Sevier county residence and that

defendant FTB foreclosed on this residence because plaintiff was behind on his mortgage payments [*see* Doc. 18-1].[7]  It is also evident from the Detainer Action Record that defendant Gordon Foster was the attorney for defendant FTB in this proceeding.[8]  Upon the Court's review of the Detainer Action Record, it indicates that on October 7, 2008, in an action involving a writ of possession, defendant Jeff Rader, judge of the General Sessions Court of Sevier County, issued an order stating that the appeal filed by plaintiff in that case was "not filed in accordance with law, and should be dismissed" and that defendant FTB was "entitled to issuance of a writ of possession at the expiration of 10 days, unless this order is appealed by Defendant [plaintiff in this action] or other cause shown." [*see id.*, p. 49].  While plaintiff filed a motion for declaratory judgement and motion to vacate void judgment [*see id.*, pp. 52-65], plaintiff does not seem to have filed a proper appeal of the October 7, 2009 order of the General Sessions Court.

Under the doctrine of collateral estoppel, or issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation.  *Montana v. United States*, 440 U.S. 147, 153-54 (1979).  When the prior judgment was entered in state court, as it was here, that judgment is entitled to the same preclusive effect that it would receive under the law of the state where it was entered.  *Migra*

---

[7] Plaintiff acknowledged, in the complaint, that he was behind on the mortgage payments for his residence [Doc. 1, ¶ 13].

[8] Defendants FTB and Gordon Foster are the only defendants actually named in the factual allegations of plaintiff's complaint [*see* Doc. 1, ¶ 13].

*v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-85 (1984). Here, there was a final order entered by the General Sessions Court of Sevier County in a proceeding in which both defendant FTB and plaintiff were parties. Plaintiff does not seem to have properly appealed that order. Accordingly, to the extent plaintiff has attempted to challenge the issues determined by the state court foreclosure proceeding in this Court, such attempts are barred. Thus, for these reasons, plaintiff's claims against defendant FTB and Gordon Foster shall be dismissed.

### F.  Motion to Dismiss of Defendant Baker[9]

In addition to manifesting his intent to join the request for dismissal of plaintiff's claims based upon failure to state a claim, defendant Baker has also moved to dismiss plaintiff's claims against him based on insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure.[10] Federal Rule of Civil Procedure 4(e) provides that:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located, or in which service is effected . . . by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by

---

[9] *See* Doc. 26, Gerald Baker's Motion to Dismiss Pursuant to Rule 12(B)(4) and (5) Fed. R. Civ. P.

[10] As noted above in Section II, Part B, defendant Baker also indicated to the Court his intention to join in defendants FTB and Gordon Foster's motion to dismiss [Doc. 26, p. 1 n. 1].

>delivering a copy of the summons and of the complaint to an agent
>authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In support of his motion to dismiss, defendant Baker has submitted an affidavit, asserting that he was the president and chief executive officer of defendant FTB and of the First Horizon National Corporation, the parent company of defendant FTB, until his retirement on July 14, 2008 [Doc. 26, ¶ 3; Doc. 26-1, ¶ 2]. Defendant Baker also asserts that he resigned from the board of directors of defendant FTB on December 31, 2008 [Doc. 26-1, ¶ 2]. Finally, defendant Baker asserts that he does not reside in Tennessee and has not maintained an office or worked at the address listed for service of process upon him since his retirement on July 14, 2008 [Doc. 26, ¶ 3; Doc. 26-1, ¶ 2].[11] Plaintiff has responded in opposition, asserting that defendant Baker was properly served on September 18, 2009 and that an executed summons with return of service was filed with the Court, along with a notarized affidavit by Sharon Helms, dated September 22, 2009 [*see* Doc. 27]. Plaintiff also argues that although defendant Baker is retired from defendant FTB and its parent company and does not maintain an office at those companies, he remained on the boards of those companies until December 2008, and remains "an agent" of the companies and thus, "properly served . . . through the companies because of his standing as a member of the Board of these corporation." [Doc. 28]. Upon consideration of the parties' arguments, the

---

[11] The address listed in the complaint for defendant Baker and listed on the summons are the corporate offices of defendant FTB and First Horizon National Corporation ("FHNC"), the parent company of defendant FTB [Doc. 26-1, ¶ 2].

summons, and the return of summons at issue, the Court agrees that defendant Baker was not properly served.

The summons in this case was issued to defendant Baker [*see* Doc. 27, p.1]. It states, "Gerald L. Baker, 165 Madison Ave., 13th Floor, Memphis, Tennessee 38103." [*Id.*]. This address is the corporate offices of defendant FTB and its parent company, First Horizon National Corporation ("FHNC")[Doc. 26-1, ¶ 2]. The summons was returned indicating that Inez Walton/Legal Services accepted service on behalf of "First TN Bank, NA [defendant FTB], at 3451 Prescott, Memphis, TN 38118 on 18th Sept. 09." [Doc. 27, p. 2]. However, because defendant Baker retired as president of defendant FTB and FHNC on July 14, 2008, resigned from the board on December 31, 2008, and does not maintain an office or work at the address listed in the summons, it does not appear that defendant Baker was an agent of defendant FTB or FHNC for purposes of service of process on September 18, 2009, the date given for the service. Thus, while Inez Walton may be the appropriate individual to accept service for defendant FTB, she was not authorized to accept service for defendant Baker at the date of service of process and thus service is not proper as to him and plaintiff's claims against defendant Baker shall be dismissed. However, to the extent defendant Baker may be considered an agent of defendant FTB or FHNC and properly served by service of process on defendant FTB, the Court concluded above that plaintiff failed to state a claim for which relief may be granted against defendant Baker, having alleged insufficient factual allegations

against him.[12]  Accordingly, plaintiff's claims against defendant Baker shall be dismissed pursuant to Rule 12(b)(6) as well.

## III. Conclusion

For the reasons stated herein, Defendant Jeff Rader's Motion to Dismiss [Doc. 5], the Motion to Dismiss Defendants Don R. Myers and Sam Hinson [Doc. 10], the Motion to Dismiss of Defendants Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, and Brad Wildes [Doc. 13], the Motion to Dismiss filed by defendants FTB and Gordon Foster [Doc. 18], and Gerald L. Baker's Motion to Dismiss Pursuant to Rule 12 (B)(4) and (5) Fed. R. Civ. P. [Doc. 26] will be granted.  Accordingly, the claims asserted by plaintiff and against defendants Jeff Rader, Don R. Myers, Sam Hinson, Mike Voncannon, Matthew Cubberly, Jeff McCarter, Ron Seals, Brad Wildes, First Tennessee Bank, Gordon Foster, and Gerald L. Baker will be dismissed and the Clerk of Court will be directed to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[12] *See supra* Part II, Section B.